| | |
|---|---|
| 1 | Joshua R. Engle (SBN: 249871) |
| 2 | Law Offices of Joshua R. Engle |
|   | 1219 Mockingbird Lane |
|   | Sandy, Utah 84094 |
| 3 | Tel: 714-236-9330 |
|   | Fax: 714-363-5521 |
| 4 | josh@engle-law.com |

Attorney for Plaintiff,
KNS International, LLC

UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF CALIFORNIA

KNS International, LLC., a Utah Limited Liability Company,

    Plaintiff,

vs.

EBuys, a California corporation, Shoe Metro, a fictitious business name registered in San Diego County, APPAREL SAVE, a fictitious business name registered in San Diego County, and DISCOUNT COAST, a fictitious business name registered in San Diego County,

    Defendant.

Case No.: **'15CV2691 JLS NLS**

**PLAINTIFF'S COMPLAINT FOR EQUITABLE DAMAGES AND INJUNCTIVE RELIEF:**

1. **FEDERAL TRADEMARK INFRINGEMENT;**
2. **FEDERAL UNFAIR COMPETITION;**
3. **FEDERAL TRADEMARK DILUTION;**
4. **TRADEMARK DILUTION UNDER CALIFORNIA LAW;**
5. **COMMON LAW TRADEMARK INFRINGEMENT.**

**JURY TRIAL DEMANDED**

    Plaintiff KNS INTERNATIONAL, LLC in support of its claims against Defendants EBUYS, INC., SHOE METRO, SHOEMETRO COM, APPAREL SAVE, and DISCOUNT COAST (collectively "Defendants") alleges as follows:

**JURISDICTION AND VENUE**

    1.    Plaintiff files this action against Defendants for trademark infringement, trade

1  dress infringement, and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and related claims under the statutory and common law of the state of California. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

2. This Court has personal jurisdiction over Defendants because Defendants conduct business within this judicial district.

3. This action arises out of wrongful acts by Defendants within this judicial district and Plaintiff has been injured in this judicial district by Defendants' alleged wrongful acts. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff KNS International, LLC ("KNS") is a limited liability company organized and existing under the laws of the state of Utah with an office and principal place of business in Draper, Utah. KNS designs, manufactures and markets footwear for many different brands, including the well know "Journee Collection" and "Brinley Co." brands (the "KNS Brands"), which are identified by their registered trademarks and stylized variations thereof (collectively, the "KNS Marks").

5. Upon information and belief, Defendant EBuys, Inc. ("EBuys") is a corporation duly organized and existing under the laws of the State of California with an office and principal place of business at 8960 Carroll Way, Suite 100, San Diego CA 92121.

6. Defendants Shoe Metro, Shoemetro Com, Apparel Save, and Discount Coast are all fictitious business name registered in San Diego County to Defendant EBuys and therefore each have the same office and principal place of business as Defendant EBuys.

7. KNS is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. KNS will seek leave to amend this complaint when their true names and capacities are ascertained. KNS is informed and believes and based

COMPLAINT

thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced, each was the agent and servant of the other and was acting within the course and scope of said agency and employment.

8. KNS is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.

9. KNS further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or not further such acts and the behavior described herein, which duty Defendants and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. KNS' Brands and Trademarks

10. KNS has become well known throughout the United States and elsewhere as a source of high quality footwear products identified at least by its "Journee Collection" and "Brinley Co." brand footwear ("KNS Brands").

11. KNS Brands products are distributed and sold to consumers through large online retailers, in retail locations, and through directly an Internet website owned by Plaintiff-ww.myfashioncorner.com.

12. KNS Brands are not sold to third-parties unless authorized by KNS.

### B. Defendants' Infringing Activities

13. The present lawsuit arises from Defendants' manufacture, distribution, advertisement, marketing, offering for sale, and/or sale of footwear that infringe upon KNS Brands trademarks by using the KNS Brands and KNS Marks upon its products without authorization.

14. Upon information and belief, KNS hereon avers that Defendant EBuys, including through its fictitious business names, is a retailer of various types of consumer products, ranging from apparel, footwear, and home merchandise. Products from said EBuys are available to

COMPLAINT

consumers nationwide and can be purchased through Defendants, who are located in this judicial district, or on their respective websites. See Exhibit A, Emails from Amazon.com showing Defendants offering its infringing products for sale by connecting them to Plaintiff's legitimate products (the "Infringing Products").

15. Upon information and belief, Defendants have designed, manufactured and/or caused to be manufactured, distributed, offered for sale, and/or sold Infringing Products to various wholesalers and/or retailers nationwide.

16. Indeed, Infringing Products have been offered for sale and/or sold by EBuys, including through its fictitious business names, and have been made available for purchase to consumers in this judicial district.

17. Upon information and belief, Defendants may have sold additional products that may infringe upon KNS' trademarks. KNS may seek leave to amend as additional information becomes available through discovery.

18. Given the widespread popularity and recognition of KNS and because Defendants expressly connected its Infringing Products with the KNS' products (See Exhibit A), KNS avers and hereon alleges that Defendants had knowledge of KNS' trademarks and have intentionally utilized said trademarks on their own brand of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by KNS.

19. KNS is informed and believes and hereon alleges that Defendants are competitors and have copied KNS' trademarks in an effort to exploit KNS' reputation in the market.

20. Furthermore, Defendant EBuys, including through its fictitious business names, has used the trademarks "Journee Collection" and "Brinley Co." a federally registered trademark owned or leased by KNS, and similar designations in connection with its sale and advertising of competitive products and Infringing Products, through the use of said mark in Internet search engine advertising, when EBuys has no rights to use such mark and such mark is not descriptive of EBuys's products.

21. KNS is informed and believes and hereon alleges that Defendants have acted in

1  bad faith and that Defendants' deceptive acts have misled and confused and were intended to
2  cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association
3  of Defendants' Infringing Products with KNS, or as to the origin, sponsorship, or approval of
4  Defendants' Infringing Products by KNS.

**FIRST CLAIM FOR RELIEF**

(Trademark Infringement of "Journee Collection" and "Brinley Co." Marks against Defendant EBuys - 15 U.S.C. § 1114)

22. KNS incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

23. KNS owns or leases several trademark registrations in the United States and has many applications pending in connection with various goods and services that it sells and/or provides in connection with its well known KNS' Brands and United States trademark registrations for the word marks "Journee Collection" and "Brinley Co." (hereinafter "KNS Marks") include but are not limited to the following:

| U.S. Reg. No. | Reg. Date | International Class |
| --- | --- | --- |
| 4693989 | March 3, 2015 | 014 |
| 3501706 | September 16, 2008 | 018 |
| 3504377 | September 23, 2008 | 025 |
| 4282335 | January 29, 2013 | 014 |
| 4124586 | April 10, 2012 | 018, 025 |

24. Registrations for the KNS Marks are valid and subsisting. At all times relevant hereto, the KNS Marks has been continually used by KNS in most of the world and in the United States, on or in connection with the manufacture, distribution, sale and promotion of its products.

25. KNS Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the high quality and coming from KNS.

26. The KNS Marks are distinctive when applied to high-quality footwear and related

COMPLAINT

merchandise, signifying to the purchaser that the products come from KNS and are manufactured to KNS' quality standards.

27. EBuys, including through its fictitious business names, sells its items through its website - www.shoemetro.com ("EBuys Website") - which is accessible to customers nationwide, including those within this judicial district.

28. The EBuys Website includes on each of its pages a product search bar that enables internet users to perform a targeted search within the EBuys Website. When the words "Journee Collection" or "Brinley Co." is typed in the product search bar alone or in connection with a search phrase on the EBuys Website, boots that look confusingly similar and/or nearly identical to KNS boots, including Infringing Products, are retrieved as search results. None of these boots however are actually KNS products. Such use by EBuys of the KNS Marks creates initial interest confusion, directing consumers to products confusingly similar to KNS' products.

29. For example, even as recently as November 16, 2015, entering the search term words "Journee Collection" and then "Brinley Co." into the search bar on the EBuys Website retrieves several results depicting boots very similar to those sold by KNS (See Exhibit B attached hereto). None of the products can be authentic as KNS alone controls the distribution of its products.

30. EBuys's offering of products in connection with the KNS Marks improperly trades off the goodwill KNS has established in the KNS Marks in order to improperly attract consumers to EBuys's competitive products.

31. Customers familiar with KNS' boots and looking for same by entering the search term "Journee Collection" or "Brinley Co." on the EBuys Website would likely believe, incorrectly, that the confusingly similar products retrieved as a result thereof being offered is somehow endorsed, sponsored or affiliated with KNS.

32. Furthermore, once a consumer types in "Journee Collection" or "Brinley Co." on the EBuys Website and retrieves the results, even if the consumer recognizes that the products offered are not authentic KNS products, the consumer may purchase confusingly similar products from EBuys. In this manner, KNS is harmed by weakening the association of the KNS Marks

COMPLAINT

with KNS' products, and such consumers are likely to instead purchase confusingly similar competitive products.

33. EBuys's unauthorized use of the KNS Marks in interstate commerce and in advertising to promote goods that are not KNS products constitutes trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114 of KNS' Marks.

34. EBuys's use of the KNS Marks is without KNS' permission or authority and is in total disregard of KNS' rights to control its trademarks.

35. EBuys's infringing activities are likely to lead to and result in consumer confusion, mistake or deception, and are likely to cause the public to believe that KNS has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with EBuys's commercial and business activities, all to the detriment of KNS.

36. Upon information and belief, EBuys has knowledge of KNS' rights in the KNS Marks. Further, upon information and belief, EBuys's acts are deliberate, willful and intended to confuse the public as to the source of EBuys's goods or services and to injure KNS and reap the benefit of KNS' goodwill associated with the KNS Marks.

37. As a direct and proximate result of EBuys's infringing conduct, KNS has been injured and will continue to suffer irreparable injury to its business and reputation unless EBuys is restrained by this Court from infringing KNS' KNS Marks.

38. KNS has no adequate remedy at law.

39. In light of the foregoing, KNS is entitled to injunctive relief prohibiting EBuys from using KNS' Marks, or any marks confusingly similar thereto, for any purpose, and to recover from EBuys all damages, including attorneys' fees, that KNS has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by EBuys as a result thereof, in an amount not yet known, as well as the costs of this action and up to treble damages pursuant to 15 U.S.C. § 1117(a) and (b), or statutory damages pursuant to 15 U.S.C. § 1117(c).

///
///

COMPLAINT

## SECOND CLAIM FOR RELIEF

(Federal Unfair Competition Against All Defendants)

40. KNS incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

41. 66. Defendants' use of KNS' Bailey Button Boot Trade Dress is without KNS' permission or authority and in total disregard of KNS' rights to control its trade dress.

42. Defendant EBuys's unauthorized use of KNS' KNS Marks is likely to deceive and cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of its goods and the sponsorship or endorsement of those goods by KNS. Furthermore, such use creates initial interest confusion whereby consumers are directed to knock-off KNS products.

43. Defendants' infringing activities are likely to lead to and result in consumer confusion, mistake or deception, and are likely to cause the public to believe that KNS has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of KNS.

44. KNS has no adequate remedy at law.

45. In light of the foregoing, KNS is entitled to injunctive relief prohibiting Defendants from using the KNS Marks and KNS'Bailey Button Boot Trade Dress, or any marks/designs confusingly similar thereto, and to recover all damages, including attorneys'fees, that KNS has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## THIRD CLAIM FOR RELIEF

(Federal Trademark Dilution against Defendant EBuys)

46. KNS incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

47. KNS' Marks is famous within the meaning of the Lanham Act.

48. EBuys's acts described above have diluted and continue to dilute KNS' unique and distinctive KNS Marks. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure KNS, causing damage to KNS in an amount to be determined at trial, as well as irreparable injury to KNS' goodwill and reputation associated with the value of the KNS Marks.

49. Upon information and belief, EBuys's infringing activities began long after KNS' Marks became famous.

50. Upon information and belief, EBuys acted knowingly, deliberately and willfully with the intent to trade on KNS' reputation and to dilute the value of KNS' Marks. EBuys's conduct is willful, wanton and egregious.

51. KNS has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by EBuys's infringing acts, unless they are enjoined by this Court.

52. In light of the foregoing, KNS is entitled to injunctive relief prohibiting EBuys from using KNS' Marks, and to recover all damages, including attorneys' fees, that KNS has sustained and will sustain, and all gains, profits and advantages obtained by EBuys as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

**FOURTH CLAIM FOR RELIEF**

(Trademark Dilution against Defendant EBuys in Violation of California Law)

53. KNS incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

54. The KNS Marks is distinctive in the state of California by virtue of its substantial inherent and/or acquired distinctiveness, extensive use in the state of California, and the extensive advertising and wide spread publicity of the mark in the state of California.

55. The actions of EBuys complained of herein are likely to injure the business reputation and dilute the distinctive quality of the KNS Marks, which is famous.

56. The foregoing acts of EBuys constitute dilution and injury to business reputations

COMPLAINT

1    in violation of the California Business and Professions Code.

2        57.    The conduct herein complained of is extreme, outrageous, fraudulent, and was
3    inflicted on KNS in reckless disregard of KNS' rights. Said conduct is despicable and harmful to
4    KNS and as such supports an award of exemplary and punitive damages in an amount sufficient
5    to punish and make an example of the EBuys and to deter it from similar such conduct in the
6    future.

7        58.    By reason of the foregoing, KNS is being damaged by EBuys's unauthorized use
8    of the KNS Marks in the manner set forth above, and will continue to be damaged unless EBuys
9    is immediately enjoined under Section 14247 of the California Business and Professions Code
10   from using the KNS Marks.

11       59.    KNS will be irreparably injured by the continued acts of EBuys, unless such acts
12   are enjoined.

13       60.    EBuys's acts have damaged and will continue to damage KNS, and KNS has no
14   adequate remedy at law.

15       61.    In light of the foregoing, KNS is entitled to injunctive relief prohibiting EBuys
16   from using the KNS Marks for any purpose and recovery of up to three times its profits from, and
17   up to three times all damages suffered by reason of, EBuys's wrongful use of the KNS Marks.

18

19                          **FIFTH CLAIM FOR RELIEF**
20                (Common Law Trademark Infringement against All Defendants)

21       62.    KNS incorporates herein by reference the averments of the preceding paragraphs
22   as though fully set forth herein.

23       63.    KNS owns and enjoys common law trademark rights in the KNS Marks in
24   California and throughout the United States.

25       64.    Defendants' unauthorized use of KNS' Marks has caused and is likely to cause
26   confusion as to the source of Defendants' products, all to the detriment of KNS.

27       65.    Defendants' infringing acts in appropriating rights in KNS' intellectual property
28   intended to capitalize on KNS' goodwill associated therewith for Defendants' own pecuniary

gain. KNS has expended substantial time, resources and effort to obtain an excellent reputation for the KNS brands. As a result of KNS' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to KNS.

66. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure KNS.

67. KNS has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct, unless it is enjoined by this Court.

68. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on KNS in reckless disregard of KNS' rights. Said conduct was despicable and harmful to KNS and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants, and to deter them from similar such conduct in the future.

69. In light of the foregoing, KNS is entitled to injunctive relief prohibiting Defendants from infringing the KNS Marks, and to recover all damages, including attorneys' fees, that KNS has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff KNS Outdoor Corporation respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

1. A Judgment that Defendant EBuys has infringed KNS' Marks and that said infringement was willful;

2. An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, are hereby temporarily, preliminarily, and permanently enjoined from using KNS' Marks, including, but not

limited to:

    (a) using the KNS Marks or the words "Journee Collection" or "Brinley Co." (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, used alone or in combination with any other words, used in caption or text, or used orally or otherwise) or any other reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation of the KNS Marks in Defendants' advertising of their products, including using the KNS Marks in metatags, in keyword or other pay-per click advertising, in any sponsored search engine advertising, in other Internet uses, or in any manner that suggests that Defendants or their products, services, or activities originate from, are affiliated with, are connected to, are associated with, or are sponsored, endorsed, or approved by KNS;

    (b) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Infringing Products or any other products which bear KNS' Brands or any designs confusingly similar thereto and/or products bearing designs that infringe upon the KNS Marks and/or the overall appearance thereof;

    (c) engaging in any other activity constituting unfair competition with KNS, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with KNS;

    (d) engaging in any other activity that will dilute the distinctiveness of the KNS Marks;

    (e) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with KNS;

3. Ordering Defendants to recall from any distributors and retailers and to deliver to

1  KNS for destruction or other disposition all remaining inventory of all Infringing Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4. Ordering Defendants to file with this Court and serve on KNS within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5. Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

6. Awarding KNS all of Defendants' profits and all damages sustained by KNS as a result of Defendants' wrongful acts, statutory damages, and such other compensatory damages as the Court determines to be fair and appropriate.

7. Awarding treble damages in the amount of Defendants' profits or KNS' damages, whichever is greater, pursuant to 15 U.S.C. § 1117(a) and (b);

8. In the alternative, awarding statutory damages pursuant to 15 U.S.C. § 1117(c)(1) of up to $200,000 for each and every use of the KNS Marks or, if the Court finds that Defendants' infringement is willful, awarding statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of up to $2,000,000 for each and every use of the KNS Marks;

9. Finding that this is an exceptional case and awarding KNS' attorneys' fees pursuant to 15 U.S.C. §1117(a) and/or 35 U.S.C. § 285;

10. Awarding applicable interest, costs, and disbursements;

11. Awarding KNS' punitive damages in connection with its claims under California law; and

12. Such other relief as may be just and proper.

///
///
///

COMPLAINT

Respectfully submitted,

LAW OFFICES OF JOSHUA R. ENGLE

Dated: December 1, 2015    By: _____

Joshua R. Engle,

Attorney for KNS International, LLC

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff KNS International, LLC hereby demands a trial by jury as to all claims in this litigation.

Respectfully submitted,

LAW OFFICES OF JOSHUA R. ENGLE

Dated: December 1, 2015    By: _____

Joshua R. Engle,

Attorney for KNS International,